# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET WEINTRAUB,<br><br>                    Plaintiff,<br><br>     v.<br><br>LAW OFFICE OF PATENAUDE & FELIX, A.P.C., *et al.*,<br><br>                    Defendants. | CASE NO. 13-CV-1032 W (RBB)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT [DOC. 23] AND**<br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [DOC. 11]** |

Defendant Patenaude & Felix, A.P.C. ("P & F") moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (*MTD* [Doc. 11]; *Reply* [Doc. 17].) Plaintiff opposes. (*Opp'n* [Doc. 14].) Also pending before the Court is Plaintiff's motion to file a Second Amended Complaint. (*Mot. Amend* [Doc. 23]; *Reply* [Doc. 28].) Defendant opposes. (*Opp'n* [Doc. 27].) The Court decides the matter on the parties' briefs and the record. <u>See</u> S.D. Cal. Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to file a Second Amended Complaint and **DENIES AS MOOT** P & F's motion to dismiss.

I.     **BACKGROUND**

According to the First Amended Complaint, sometime before January 2013, Plaintiff "allegedly fell behind in payments allegedly owed on [an] alleged debt." (*FAC* ¶ 18.)  This alleged debt was then "assigned, placed or otherwise transferred []to Defendants for collection." (*Id.* ¶ 19.)  On or about January 23, 2013, Plaintiff received a dunning letter from Defendant P & F. (*FAC* ¶ 20.)  The letter states, in part:

> In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount current owed.

(*Id.* ¶ 23.)

On April 30, 2013, Plaintiff filed her Complaint. (*Compl.* [Doc. 1]). On July 10, 2013, Plaintiff filed her First Amended Complaint. (*FAC* [Doc. 7]). The FAC alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collections Practices Act ("Rosethal Act"). All of the alleged violations stem from the content of the dunning letter.

On July 29, 2013, P & F moved to dismiss Plaintiff's FAC. (*Mot. Dismiss* [Doc. 11].)  On September 16, 2013, while the P & F's motion to dismiss was pending, Plaintiff filed a motion to file a Second Amended Complaint. (*Mot. Amend* [Doc. 23].) Plaintiff bases her request to amend on the fact that P & F recently provided a copy of the contract underlying Plaintiff's alleged debt, which revealed new issues regarding Defendants' statute of limitations.

II.    **LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison*

*Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

### III.   DISCUSSION

According to Plaintiff's motion, Plaintiff has "diligently sought, through repeated written requests and telephone calls to Defendants and/or their agents or affiliates attempting to collect this alleged debt, a copy of the underlying contract." (*Mot.*

1    *Amend.* 2.)  On September 6, 2013, well after the filing of the FAC, Defendants
2    provided a copy of this contract to Plaintiff. (*Id.*) Plaintiff argues that the contract, if
3    authentic, shows that Plaintiff would have breached the alleged contract before 2007.
4    (*Id. 3.*)  If this were the case, Plaintiff contends that Defendants' statute of limitations
5    to sue Plaintiff for breach of the alleged contract would have run some time in 2011,
6    well before Plaintiff was in receipt of the dunning letter.  (*Id.*)  Therefore, Defendants
7    would be liable for additional, unplead violations of the FDCPA and Rosenthal Act
8    because the dunning letter was "a threat to take action that defendants have no legal
9    right to take." (*Id.*)

10       P & F first argues that leave to amend would be futile.  Specifically, they suggest
11   that the proposed allegations for the SAC would not withstand a motion to dismiss for
12   the same reasons that FAC currently fails, as outlined in the pending motion to dismiss.
13   (*Opp'n* 3:10-14.)  However, Plaintiff seeks to amend the FAC to add allegations
14   regarding the statute of limitations, which were not included in the FAC.  Because
15   these claims would be added for the first time in the SAC, Defendant has not addressed
16   their sufficiency in its pending motion to dismiss.  Therefore, this argument fails.

17       P & F also suggests that amendment is futile because the statue of limitations
18   would not have expired before it sent the dunning letter or before this suit was filed.
19   (*Opp'n* 3.)  According to P & F, Plaintiff breached the contract in March 2011.  Under
20   the California statute of limitations, P & F would have until March 2015 to bring their
21   claim. (*Id.*)  Additionally, P & F suggest that the contract is governed by Ohio state
22   law which has a six year statute of limitations, giving them until March 2016 to bring
23   their claim. (*Id.* 4.) At best, this argument demonstrates that the parties disagree as to
24   (1) which statute of limitations applies and (2) when Plaintiff breached the underlying
25   contract.  This is not enough to meet P & F's burden to show that amendment would
26   actually be futile.  *See DCD Programs*, 833 F.2d at 186.  Moreover, as explained above,
27   the statute of limitations issue has not previously been raised in this, and thus has not
28

1  been adequately briefed.  Therefore, given the record and procedural posture of this
2  case, the Court cannot find that providing leave to amend would be futile.
3       Second, P & F argues that leave to amend would be prejudicial.  In support of
4  this argument, they suggest that they have spent "quite a bit of time . . . reviewing each
5  complaint, preparing each of its motion to dismiss and reply brief."  (*Id.* ¶ 4.)  After
6  reciting a chronology of the time Defendants have spent on the matter, Defendants
7  conclude that "Defendant finds this to be judicially un-resourceful and prejudicial to
8  Defendant." (*Id.* ¶ 4.)  While the amount of time and resources spent could in some
9  situations demonstrate that leave to amend would be prejudicial, Defendant has failed
10 to show that is the case here.  Simply claiming that a party has spent time and resources
11 on litigation is not enough to show prejudice, especially given  the fact that time and
12 resources are expended in all litigation.  Defendant has failed to meet its burden in
13 establishing prejudice.  *See DCD Programs*, 833 F.2d at 186.

### IV. CONCLUSION AND ORDER

For these reasons, and because leave to amend must be freely given, the Court **GRANTS** Plaintiff's motion for leave to file a Second Amended Complaint. Accordingly, Plaintiff shall file her SAC by **January 22, 2014**.  In light of this order, Defendants' pending motion to dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: January 2, 2014

Hon. Thomas J. Whelan
United States District Judge