Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Bridget Weintraub

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET WEINTRAUB, an individual, | **Case No.: 3:13-cv-01032-W-RBB** |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| LAW OFFICE OF PATENAUDE & FELIX, A.P.C.; NATIONAL COLLEGIATE TRUST; and DOES 1-10, | |
| Defendants. | |

- 1

SECOND AMENDED COMPLAINT

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendants do business within the State of California, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391.

**PARTIES**

6. Plaintiff, BRIDGET WEINTRAUB, formerly known as Bridget Briedenbach, ("Plaintiff"), is a natural person residing in the State of California.

7. Defendant LAW OFFICE OF PATENAUDE & FELIX, A.P.C., ("P&F"), is a company doing business collecting debts in California operating from an address at 4545 Murphy Canyon Rd., 3rd FL, San Diego, California 92123.

8. On information and belief, Plaintiff alleges Defendant NATIONAL COLLEGIATE TRUST, ("NCT"), is a Delaware business trust that holds the alleged debt at issue herein and operates from an address located at 466 Lexington Ave., New York, NY10017-3140.

- 2

SECOND AMENDED COMPLAINT

1    9.    Defendant P&F is engaged in the collection of debts from consumers

2    using the mail and telephone and regularly attempt to collect consumer

3    debts alleged to be due to another.

4    10.  Defendant P&F is a "debt collector" as defined by the FDCPA, 15

5    U.S.C. § 1692a(6).

6    11.  Defendant P&F is a "debt collector" and Defendant NCT is a "creditor"

7    as defined by the Rosenthal Act, California Civil Code 1788.2(c).

8    12.  Defendants are all entities or individuals who contributed to or

9    participated in, or authorized the acts or conspired with the named

10   Defendants to commit the acts and do the things complained of which

11   caused the injuries and damages to Plaintiff as set forth below. Each of the

12   parties, named and fictitious, acted as principal and agent, each of the

13   other, and combined and concurred each with the other in committing the

14   acts that injured the Plaintiff.

15   13.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.

16   1692a(3).

17   14.  Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil

18   Code 1788.2(h).

19                      **<u>FACTUAL ALLEGATIONS</u>**

20   15.  Sometime before January, 2013, Plaintiff is alleged to have incurred

21   certain financial obligations.

22   16.  These financial obligations were primarily for personal, family or

23   household purposes and are therefore a "debt" as that term is defined by

24   15 U.S.C. §1692a(5).

25   17.  The purported debt which Defendants attempted to collect from

26   Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California

27   Civil Code 1788.2(f).

28   ///

- 3

**SECOND AMENDED COMPLAINT**

18.  Sometime before January, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

19.  Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

20.  On or about January 23, 2013, Defendant P&F sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and sent by and in the name of Defendants.

21.  This letter to Plaintiff, sent by Defendants, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

22.  Defendants, debt collector as defined by, and pursuant to, Cal. Civ. Code § 1788.2(c), failed to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a) in a clear and conspicuous manner. Consequently, pursuant to Cal. Civ. Code § 1812.702, this failure by Defendants violated the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq.

23.  On or about September 6, 2013, after approximately four years of diligent attempts by Plaintiff,(several written requests as well as telephone calls to Defendants and/or Defendants' affiliates or agents attempting to collect the alleged debt), Defendants finally provided Plaintiff with a copy of what Defendant alleged was the underlying contract for the debt Defendants have been attempting to collect from Plaintiff.

24.  The contract Defendants provided was executed in 2006 for a student loan; does not appear to be related to the alleged debt Defendants have been attempting to collect; and otherwise provides no basis in law or fact to support Defendants claims that Plaintiff owes anything to Defendants.

- 4

1   25.  In addition to failing to provide any valid underlying contract creating

2   the alleged debt upon which Defendants have been attempting collect,

3   Defendants have failed to provide, and to date continue to fail to provide,

4   any documentation of any chain of title to establish to Plaintiff that, even if

5   the underlying debt were validated with the contract offered, (which it is

6   not), that Defendants have any right to collect it.

7   26.  By engaging in the above conduct, Defendant violated the language

8   in 15 U.S.C § 1692f(1) by attempting to collect an amount not authorized by

9   an agreement creating the debt or permitted by law.

10   27.  By engaging in the above conduct, Defendant engaged in false,

11   deceptive, or misleading representation or means in connection with

12   attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

13   28.  Because Defendant violated the language in 15 U.S.C. § 1692f(1)

14   and e, Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates

15   15 U.S.C. § 1692f(1) and e.

16   29.  Additionally, Plaintiff left school on or before 2007 and never made

17   any payment on the alleged debt Defendants seek to collect.

18   30.  The statute of limitations for suing for breach of contract is four years

19   from the date of the breach, or in this case default, and the statute of

20   limitations would have run no later than some time in 2011 since Plaintiff

21   would have defaulted on or before 2007.

22   31.  Defendants' letter dated, sent, and received by Plaintiff in January of

23   2013 threatening the possibility of a lawsuit against Plaintiff, is a threat to

24   take action that Defendants have no legal right to take in violation of both

25   the FDCPA and the Rosenthal Act.

26   32.  Defendants' continued to make written statements that they intended

27   to consider suing Plaintiff, in violation of the FDCPA and Rosenthal Act for

28   threatening to take action they have no legal right to take.

- 5

33.  The body of the January 23, 1013 letter states in part:

> "In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed."

34.  By including the above language, Defendants falsely represented that the debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when, in fact, such fees or charges could not legally be added to the existing obligation. Consequently, Defendants violated Cal. Civ. Code § 1788.13(e).

35.  By including the above language, P&F made a false representation concerning the character, amount, or legal status of a debt. Consequently, P&F violated 15 U.S.C. § 1692e(2)(A).

36.  By including the above language, Defendant P&F threatened to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. 1692e(5).

37.  By including the above language, Defendant P&F engaged in false, deceptive, or misleading representation or means in connection with attempting to collect an alleged debt in violation of 15 U.S.C. 1692e.

38.  Because Defendant P&F violated the language in 15 U.S.C. Section 1692e, P&F also violated Cal. Civ. Code Section 1788.17 because that section incorporates 15 U.S.C. Section 1692e.

39.  On December 5, 2013, after continuing to refuse to provide basic documentation establishing that Plaintiff owes a debt to Defendants, let alone the debt Defendants have been attempting to collect, and after Defendants were advised that Defendants are time barred from bringing any lawsuit against Plaintiff for the alleged debt, Defendants proceeded to

- 6 -

1  file a lawsuit in state court against Plaintiff for the alleged debt, well beyond

2  the statute of limitations.

3   40.  Through the conduct stated above, P&F engaged in unfair or

4  unconscionable means to collect or attempt to collect a debt in violation of

5  15 U.S.C. Section 1692f.

6   41.  Because Defendants violated the language in 15 U.S.C. § 1692f,

7  Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15

8  U.S.C. § 1692f.

9  **ROSENTHAL WARNING**

10   42.  The California Civil (CC) code section 1812.700 requires a disclosure

11  that must also be effectively communicated. CC 1812.700 states that

12  failures to effective provide this disclosure is a violation of CC 1788 et seq.

13   43.  The required disclosure is:

14

15   The state Rosenthal Fair Debt Collection Practices
Act and the federal Fair Debt Collection Practices

16   Act require that, except under unusual
circumstances, collectors may not contact you

17   before 8 a.m. or after 9 p.m. They may not harass
you by using threats of violence or arrest or by

18   using obscene language. Collectors may not use
false or misleading statements or call you at work if

19   they know or have reason to know that you may not
receive personal calls at work. For the most part,

20   collectors may not tell another person, other than
your attorney or spouse, about your debt. Collectors

21   may contact another person to confirm your location
or enforce a judgment. For more information about

22
23   debt collection activities, you may contact the
Federal Trade Commission at 1-877-FTC-HELP or

24   www.ftc.gov.

25

26   44.  This disclaimer is not effectively communicated when a debt collector

27  inconspicuously places the disclaimer where it is not readily visible.

28  ///

- 7

SECOND AMENDED COMPLAINT

1  | 45.  Defendant buries this required language inconspicuously on the
2  | reserve side of their letter with no reference to the disclaimer on the front of
3  | the letter. Congress included the debt validation provisions in order to
4  | guarantee that consumers would receive adequate notice of their legal
5  | rights. See S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977
6  | U.S.Code Cong. & Admin.News 1695, 1699, 1702.

7  | 46.  Placing the required Rosenthal warning on the back side of the letter
8  | without referencing the disclaimer on the front of the letter is tantamount to
9  | not providing the disclaimer at all.

10 | 47.  Many cases found that placing the disclaimer on the reverse side of
11 | the dunning letter is not clear notice.

12 | 48.  *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th
13 | Cir. 1988) (notice is insufficient in both form and context when required text
14 | is placed in small print at the bottom if the page, dwarfed by the other text
15 | on the page); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) (notice
16 | printed on reverse did not comply with section 1692g); *Ost v. Collection*
17 | *Bureau, Inc.*, 493 F.Supp. 701 (D.N.D.1980) (notice printed on reverse did
18 | not comply with section 1692g); *Riveria v. MAB Collections, Inc.*, W.D.N.Y.
19 | 1988, 682 F.Supp. 174 (Placement of required validation notice on reverse
20 | side of form collection letter, without any reference to the notice on the front
21 | of the letter, was insufficient to comply with Fair Debt Collection Practices
22 | Act; "When MAB "hid" the validation notice on the reverse side of its form it
23 | violated [the FDCPA]"; *cf.*, *Graziano v. Harrison*, D.N.J.1991, 763 F.Supp.
24 | 1269, reversed in part, vacated in part 950 F.2d 107 (Placement of
25 | validation statement of debtor's rights and obligations on the reverse side
26 | of correspondence from debt collector does not render the notice of rights
27 | unclear  when the front side of the letter stated "See reverse side for
28 | information regarding your legal rights!")

- 8 -

1    49.  Other cases concerning the Truth and Lending Act clearly support the

2  position that if a "notice" is required, it cannot be so hidden as to preclude

3  all but the most persistent or lucky from finding it. See Besaw v. General

4  Finance Corporation of Georgia, 693 F.2d 1032, 1034 (11th Cir.1982);

5  Basham v. Finance America Corp., 583 F.2d 918, 926 (7th Cir.1978)

6  (disclosures are to be made clearly and conspicuously); Thomka v. A.Z.

7  Chevrolet, Inc., 619 F.2d 246, 249 (3d Cir.1980) (a consumer is not

8  informed in a clear and conspicuous manner if he needs to locate a

9  disclosure on a separate page); Charles v. Krauss Co., 572 F.2d 544, 548

10  (5th Cir.1978) (the consumer should be able to look in one place for the

11  required disclosures; when more than one page is involved "the possible

12  concomitant of intentional concealment on the part of some unscrupulous"

13  parties occurs); Gennuso v. Commercial Bank & Trust Co., 566 F.2d 437,

14  443 (3d Cir.1977) (disclosure of terms shall not be stated, utilized, or

15  placed so as to mislead or confuse consumers; placement of disclosures is

16  to be considered along with their statement and use).

17  50.   ACA International, the Association of Credit and Collection

18  Professionals, is the comprehensive, knowledge-based resource for

19  success in the credit and collection industry[1]. ACA International is the

20  largest association of debt collectors and debt buyers in the country, and

21  the industry leader in training and education in FDCPA and the California

22  Rosenthal Act compliance.

23  51.   ACA International teaches in all of their manuals and training

24  programs that it is improper to place required notices on the back of debt

25  collection letters without clearly informing the consumer that the notice is

26  on the backside.

27  ///

28
---
[1] http://www.acainternational.org/about.aspx (June 6, 2013)

SECOND AMENDED COMPLAINT

52.    Defendant intentionally attempted to overshadow and hide the Rosenthal consumer warning by placing the warning on the back of the debt collection notice, without providing notice that the disclaimer was on the backside of the letter.

53.    Doing so, Defendant violated CC 1788 by failing to provide fair and adequate notice of the CC 1812.700 notice.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (Against P&F)

54.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

### (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

### (Against All Defendants)

56.  Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

- 10

SECOND AMENDED COMPLAINT

57.  The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

58.  As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## **PRAYER FOR RELIEF**

59.  WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

• An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

///
///

- 11 -

SECOND AMENDED COMPLAINT

1    • Any other relief that the court deems proper.

2    60.   Pursuant to the seventh amendment to the Constitution of the United

3    States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5    Dated:  January 22, 2014                    **LAGUARDIA LAW**

6                                                 s/Eric A. LaGuardia

7                                                ERIC A. LAGUARDIA
                                                 and
8                                                ANDRE L. VERDUN
                                                 CROWLEY LAW GROUP
9                                                Attorneys for Plaintiff,
10                                               Bridget Weintraub

11

12                        **<u>DEMAND FOR JURY TRIAL</u>**

13   Plaintiff does, by and through counsel of record, demand and is

14   entitled to a trial by jury.

15

16   Dated:  January 22, 2014                    **LAGUARDIA LAW**

17                                                s/Eric A. LaGuardia

18                                               ERIC A. LAGUARDIA
                                                 and
19                                               ANDRE L. VERDUN
                                                 CROWLEY LAW GROUP
20                                               Attorneys for Plaintiff,
21                                               Bridget Weintraub

22

23

24

25

26

27

28

- 12

SECOND AMENDED COMPLAINT